UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENARD TAYLOR,

    Petitioner,

-vs-                                          Case No. 6:10-cv-1435-Orl-28GJK
                                          (Criminal Case No.: 6:03-cr-18-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent

_____/

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Lenard Taylor. The Government filed a timely response (Doc. No. 7) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 10) and a supplemental reply (Doc. No. 12) to the resopnse.

### A.   *Procedural History*

Petitioner was charged in a two-count indictment with possession with intent to distribute 50 grams or more of crack cocaine (count one) and possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of

marihuana (count two) (Criminal Case Doc. No. 10, filed January 29, 2003).[1] Petitioner pled guilty to the charges, and, on July 7, 2003, the Court entered a Corrected Judgment In A Criminal Case in which Petitioner was adjudicated guilty of the charges and sentenced to imprisonment for a term of 290 months as to count one and for a term of 60 months as to count two, with the sentences to run concurrently (Criminal Case Doc. No. 49). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion on April 2, 2004. *See* Criminal Case Doc. No. 70, filed May 5, 2004. Mandate issued on May 3, 2004.

B.  *Analysis of Petitioner's Section 2255 Motion*

   1.   *Timeliness of Section 2255 Motion*

A motion under section 2255 must be filed within one-year from the latest of the following:

   (1)   the date on which the judgment of conviction becomes final;

   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Hereinafter Criminal Case No. 6:03-cr-18-Orl-28GJK will be referred to as "Criminal Case."

2

28 U.S.C. § 2255. Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on April 2, 2004. Petitioner then had 90 days to petition the United States Supreme Court for certiorari. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). Petitioner did not do so, and the judgment of conviction became final on July 1, 2004.[2] Consequently, Petitioner had until July 1, 2005, to file a section 2255 motion in this case.

The record reflects that Petitioner's section 2255 motion was filed on September 22, 2010.[3] Because Petitioner's section 2255 motion was not filed by July 1, 2005, it is time-barred and must be denied.

In his reply to the Government's response, Petitioner asserts that he is "actually innocent" because, as a result of the decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), his prior conviction for aggravated assault should not have resulted in a career

---

[2] *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

[3] This is the filing date under the "mailbox rule." *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

offender enhancement.[4] In *Johnson*, the United States Supreme Court held that the defendant's prior conviction for battery under Florida law was not a "violent felony" under the Armed Career Criminal Act. However, it not clear that the *Johnson* decision should be applied retroactively to allow the filing of an untimely section 2255 motion.

It is also not clear that the Petitioner should be allowed to file an untimely section 2255 motion based on his claim of actual innocence of a sentence classification (as a result of the *Johnson* decision) rather than actual innocence of a conviction. Actual innocence applies to when an individual is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Petitioner does not contend that he is actually innocent of the charges to which he plead guilty. Thus, since Petitioner cannot be actually innocent of being a career offender, he is unable to use actual innocence as a pathway to circumvent the untimeliness of his section 2255 motion. As such, the Court finds that Petitioner has presented nothing to indicate the existence of evidence to show that he is actually innocent, and, in the absence of such evidence, the instant section 2255 motion is denied as untimely.

2. *Merits of Petitioner's Claim*

In an abundance of caution, the Court will consider the merits of Petitioner's claim.

---

[4]The Eleventh Circuit Court of Appeals has recognized an actual innocence exception in the context of an untimely section 2254 habeas petitioner: "A court also may consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (quotation omitted).

Petitioner alleges that his prior conviction for "aggravated assault" was not a "crime of violence" and that, therefore, he should not have been sentenced as a "career offender."

The Sentencing Guidelines designates any defendant convicted of a "crime of violence or a controlled substance offense" and who also has at least two prior felony convictions of either a crime of violence or a controlled substance offense as a "career offender." U.S.S.G. § 4B1.1. Petitioner was sentenced as a career offender based on his prior convictions for aggravated assault and possession with intent to sell/deliver cocaine. *See* Presentence Investigation Report ("PSR") at 4.

Aggravated assault is a crime of violence. *See* Application Notes to U.S.S.G. § 4B1.2 (specifically listing "aggravated assault" as a crime of violence). Petitioner's reliance on *Johnson* is misplaced. *Johnson* holds that, in Florida, simple battery, which can involve a mere touch, does not necessarily involve the amount of physical force necessary to qualify as a violent felony. *Johnson* does not discuss aggravated assault, and, because aggravated assault is specifically listed as a crime of violence, it is an appropriate predicate for career offender status.[5]

---

[5]Petitioner's reliance on *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010) is also misplaced. In *Palomino Garcia*, the appellate court found that the defendant's conviction for aggravated assault under an Arizona statute did not qualify as a crime of violence since it was predicated on the reckless causation of physical injury. The Arizona law defined recklessness as nothing more than the conscious disregard of a substantial and unjustifiable risk, which was more akin to negligence and could not be said to require the intentional use of force.

Petitioner, on the other hand, was convicted of violating Florida's aggravated assault statute, *see* section 784.021, Fla. Stat., which defined an aggravated assault as an assault with a deadly weapon without intent to kill or with an intent to commit a felony.

In addition, the Court notes that Petitioner had another qualified felony controlled substance offense--possession of more than 20 grams of cannabis/possession of cocaine. Consequently, even if the aggravated assault charge was excluded entirely from the PSR calculations, Petitioner would still qualify as a career offender.

Consequently, this claim is without merit and is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Lenard Taylor (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:03-cr-18-Orl-28GJK.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 94) filed in criminal case number 6:03-cr-18-Orl-28GJK.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

---

The Florida statute is consistent with the generic offense of "aggravated assault" approved in *Palomino Garcia* because it is "a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." *Id.* at 1332. The Court also finds that Petitioner's prior controlled substance offense qualified as a conviction for career offender enhancement purposes.

constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this \_\_\_\_ 1st day of August, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 8/1
Lenard Taylor
Counsel of Record

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.